## Wilkins *against* Vashbinder.

A conveyance of land conveys the grain growing upon it to the purchaser. And the fact that the vendor took care of the grain growing and the fences around it after the conveyance without objection from the vendee, does not alter the rights of the parties.

ERROR to the common pleas of *Jefferson* county.

This was an action of replevin by Thomas Wilkins against Henry Vashbinder and Caleb Howard, to recover one hundred and fifty dozens of wheat and three hundred and fifty dozens of rye.

On the 8th of October 1835 the plaintiff and defendant entered into an agreement for the purchase and sale of a tract of land for the consideration of 1000 dollars, by the terms of which the plaintiff was to get the deed and possession of the land on the 8th of April 1836. On that day the contract was executed by the payment of the money and delivery of bonds and mortgage by the plaintiff, and of the deed and possession by the defendant. There was nothing in the original contract respecting the grain, a part of which was sowed after the agreement was executed. After the delivery of the deed the defendant repaired the fences around the grain, and acted towards it as if it were his own ; and this with the knowledge of the plaintiff, who made no objection and gave no notice.

Error assigned.

" The court erred in deciding that if the jury should believe the contract as alleged by the plaintiff, and the defendant or persons under him sowed the fields with grain in violation of this agreement, and that the plaintiff had notice of this before he went into possession, that he took possession of the same without objections, and permitted Vashbinder or his tenant to put up the fences in the spring and during the summer without any intimation that he would claim the grain, he has not such an interest and property in the grain as will enable him to sustain replevin."

*Buffington*, for plaintiff in error, whom the court declined to hear.

*M'Calmont*, for defendant in error, cited, 3 *Penns. Rep.* 300.

The opinion of the Court was delivered by

SERGEANT, J.—It appears that the plaintiff Wilkins contracted with Vashbinder to purchase his land on the 8th of October 1835, the deed to be made and possession delivered on the 8th of April

[Wilkins v. Vashbinder.]

1836. In the fall of 1835 the defendant employed Howard to sow part of the land on shares with rye and wheat. On the 8th of April 1836 the defendant made a deed and delivered possession to the plaintiff according to the contract, there being no reservation contained in the deed or made at the time of its execution, on the part of the defendant, of a right to the growing grain. In the summer of 1836, Vashbinder and Howard entered on the land and cut and carried away the grain sown and growing, and the plaintiff instituted a replevin against them.

This state of the facts raises the question, who is entitled to grain growing on the land at the time of a sale and conveyance of the land, where there is no reservation or agreement in respect to it: a question which has, of late years, more than once occurred in this court, and in relation to which its opinion has varied. In Smith *v.* Johnston, 1 *Penns. Rep.* 471, it was decided, that by a sale, conveyance and delivery of possession of land, the grain growing thereon does not pass to to the vendee. In the case, however, of the Bank of Pennsylvania *v.* Wise, 3 *Watts* 394, the point incidentally arose, and was carefully considered by the court : and they came to the conclusion which is expressed in the opinion declared by Mr Justice Kennedy, that where the owner in fee, after having sown the land and before severance of the crop, conveys or devises the land, the emblements, that is the corn growing on the land at the time of the conveyance or the death of the testator, will pass with the lands to the grantee or devisee. In support of this opinion, various authorities are referred to, showing it to have been long since repeatedly settled as the legal principle on the subject. In this opinion we all, on mature consideration of the point, concur, and are satisfied that the case of Smith *v.* Johnston, 1 *Penns. Rep.* 471, was erroneously decided.

The right therefore of the defendant Vashbinder in the grain sown (for as to Howard, the cropper, a *non pros.* was entered by the plaintiff) passed by his deed to the plaintiff; and the question submitted to the jury by the court below, whether the defendant at the time of the contract agreed not to sow the fields, and afterwards violated his agreement by causing the grain to be sown, was immaterial, because without such agreement the plaintiff by virtue of his deed and possession acquired the right to the grain sown.

On the other hand, the deed being absolute and without any reservation of the grain by the defendant, the circumstances that the persons who put in the grain under the defendant on shares had repaired the fences around the grain without objection or notice from the plaintiff that he intended to claim it, and that notice had been sent by the plaintiff's father, who lived with him on the premises, to come and put up the fences to keep the grain from being destroyed, would not be sufficient to divest the plaintiff of his property in the grain.

Judgment reversed, and a *venire facias de novo* awarded.