## Burnside *against* Weightman.

A conveyance of the reversion passes the crop growing upon it.

ERROR to the court of common pleas of *Allegheny* county.

Samuel Burnside against William Weightman. This was an action of replevin for four hundred dozen of wheat.

On the 3d of October 1837, William Maits was the owner in fee of the land, on which the wheat (in a twelve acre field) was the only growing crop, or grain in the ground. On that day, by written agreement, he leased the land to the defendant, William Weightman, for the term of five years, commencing on the 1st of April 1838, reserving by express stipulation, the said twelve acre field of grain. The 25th of January 1838, by written articles between him, William Maits, and the plaintiff Samuel Burnside, he agreed to sell and convey the same land for 6150 dollars; deed to be made, and possession, &c., to be given the 1st of April 1838. On the 10th of April 1838, the deed was duly executed and delivered, and the said lease assigned to Burnside.

On the 5th of April 1838, William Maits sold the said wheat in the ground to the defendant, William Weightman, for seventy dollars, for which he gave his note payable in eight months. The parol proof was, that when the agreement between Maits and Burnside was entered into, or when the deed was made, nothing was said on the subject of the growing crop: the plaintiff's title to the grain growing, depended entirely upon the agreement and deed to him which were in general terms, a sale and conveyance of the land.

[Burnside v. Weightman.]

The court below were of opinion that the agreement and deed did not vest in the vendee a right to the grain in the ground, and directed the jury to find for the defendant.

*Irwin,* for plaintiff in error, cited 3 *Penns. Rep.* 496; 1 *Chit. Prac.* 461; 2 *Com. Law Rep.* 83; 7 *Watts* 378.

*Shaler,* for defendant in error.

PER CURIAM:—This cause was decided on the authority of Smith *v.* Johnston, 1 *Penns. Rep.* 471, which has since been over-ruled by Wilkins *v.* Vashbinder, 7 *Watts* 379, the report of which was not published in time to be known at the trial. The existence of the lease can not take the case out of the rule finally established; for the growing crop, having been reserved by the lessor, passed by his conveyance of the reversion as if no lease had been given. The title to the property in question was, therefore, in the plaintiff.

Judgment reversed, and a *venire de novo* awarded.