## CARNEGHAN *v.* BREWSTER.

1. On the sale of the equitable interest of a vendee under articles, the proceeds are to be distributed, according to the priority of the liens.
2. Nor is this rule altered by the fact, that on the first of two judgments for instalments of the purchase money, bail in stay of execution has been given, and the plaintiff has received the money on the second judgment and execution.

ERROR to the Common Pleas of Erie county.

Carneghan, being entitled by articles to a conveyance, sold his right to Johns, in consideration of the payment of the unpaid purchase money, and $2020, in four annual instalments to himself.

On a judgment for the second instalment, Brewster entered security

for stay, &c.   On this judgment there was a credit for a surplus under a previous sale.

A judgment was then obtained for the third instalment, on which Johns' interest was sold, and the proceeds receipted for by the plaintiff's attorney.

These facts appearing on a sci. fa., on the recognisance of Brewster, the plaintiff contended, he had right to apply the money raised under the third judgment to any debt; and having done so, he could not be compelled to apply it to the second judgment, in relief of Brewster; or, at most, he could only have a pro rata share, with all the instalments due.   The Court decided the law made the application, on the receipt by plaintiff, to the elder lien.

*Babbett*, for plaintiff in error, cited 5 Watts & Serg. 352; 17 Serg. & Rawle, 400.

*Walker* and *Galbraith*, contrà.—5 Watts, 412; 7 Watts, 476; 10 Watts, 434.

BURNSIDE, J.—The lien of judgments, in Pennsylvania, has been extended beyond the limits of the common law.   A judgment is held to be a lien on every kind of equitable interest in land, and on every right vested in the debtor, at the time of the judgment.   Carkhuff *v.* Anderson, 3 Binn. 5.

Bearing this in mind, let us inquire what were the leading facts of the case under consideration.   [His honour here cited the facts of the case.]

The plaintiff's counsel requested the court to charge the jury : That the plaintiff having received, and receipted the recovery, upon the last judgment, on which the sale took place, he could not be compelled to apply it to the prior judgment, where Brewster was bail.

2d.—If the defendant is entitled to relief at all, he is only entitled to a pro rata, upon the whole debt due upon the articles of agreement. The president of the Common Pleas did not sustain these positions, and this is assigned for error.   The judge held, that the law made the appropriation, and that the oldest judgment was entitled to be first paid.

In support of the first position, the counsel of the plaintiff relied on Armstrong's appeal in 5 Watts & Serg. 352.   In that case there were a number of liens against Armstrong.   The proceeds of the sheriff's sale was brought into court for distribution.   Amongst the liens was one in favour of Eaken, Spangler & Co., in which Edward McGarvey had become bail for stay of execution.   McGarvey was obliged to

discharge the lien, and desired to be subrogatèd, which the Supreme Court refused to permit, to the injury of subsequent judgment creditors. This case does not support the plaintiff's first. point; nor does the case of Donnely and another assignee of McKean *v.* Hays, 17 Serg. & Rawle, 400, support the second point. There a mortgage and eight bonds were given, to secure the price of a tract of land; five of the bonds were transferred to different persons; the premises were sold, for a less sum than the amount of the mortgage, on one of the bonds, and the money brought into court for distribution. This court, considering the equity of the respective holders of the bonds, decided they were to be paid pro rata.

There is nothing in the exceptions to the charge. Bennet had an equitable interest in the land. The first judgment bound that interest; Brewster knew that, and went bail; the sheriff's sale discharged that judgment, and of course cleared the bail.

The judgment is affirmed.