# Hershey *et al.* *versus* Metzgar and Krug.

1. The purchaser of land at sheriff's sale is entitled to the growing grain thereon which had not been severed before a sale. If there has been a severance it does not pass to him who purchases the land subsequent to the severance.

2. The plaintiffs conveyed a farm to defendant and took a judgment for part of the purchase-money. They issued a fi. fa. thereon and levied on the real and personal estate. Defendant claimed his exemption and elected to take the growing grain, which was duly appraised in the presence of one of plaintiffs. The land was subsequently purchased by the plaintiffs, who claimed that the growing grain passed to them. *Held*, that the appraisement under these circumstances was a severance of the grain and that plaintiffs were not entitled thereto.

May 8th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *York county:* Of May Term 1879, No. 114.

Trover and conversion by F. E. Metzgar and Rufus Krug against John M. Hershey, Henry Swartz and George T. Forrey. The defendants pleaded "not guilty."

In 1870 Forrey purchased from Metzgar and Krug, a farm in York county, and gave to them, in part payment of purchase-money, a judgment-note for $4000. A writ of fi. fa. was issued to January Term 1874, and all the defendant's stock of horses, cattle, farming implements and grain in the ground, and also the real estate, were levied upon. When the sheriff came with his writ, the defendant claimed the benefit of the exemption law, demanded an appraisement of $300 worth of personal property, and elected to take one field of wheat growing in the ground and one field, partly wheat and partly rye, growing in the ground, as part of his exemption. These growing crops had been levied on under the fi. fa., and they were appraised by the appraisers summoned by the sheriff, and set apart to him. Krug, one of the plaintiffs, was present and made no objection, nor was any motion made afterwards in court to set aside the appraisement. All the grain growing on the premises was levied upon as personal property, and the remaining field of wheat, not taken by Forrey, was sold at the sale of the personal property. After the condemnation of the real estate, a venditioni was issued and the real estate was sold to Metzgar and Krug for $4000, the amount of their judgment as entered. When in the following summer, Forrey went to cut his wheat and rye, he was met by the claim of Metzgar and Krug, to the growing grain, which had been appraised to them. Nevertheless, along with Hershey and Swartz, Forrey cut the grain and removed it from the premises. The plaintiffs below

[Hershey v. Metzgar.]

then brought this suit to recover the value, alleging that the grain passed to them by the sale of the land.

At the trial, before Fisher, P. J., the plaintiffs submitted the following points:

1st. That under the evidence given and admissions made in this case, the plaintiffs are entitled to recover in damages from the defendants, the agreed amount of the value of the wheat, rye and straw cut, taken away from the plaintiff's premises, and used by the defendants, to wit: the sum of $296.68, with interest from the time of the taking of said grain.

2d. That the appraisement of grain in the ground made by the appraisers selected by the deputy sheriff on demand of the defendant in fi. fa., No. 33, January Term 1874, under the law exempting property from execution, which appraisement has been given in evidence, was not authorized by law—did not work a severance of the grain in the ground, from the real estate against which the plaintiffs held a judgment for purchase-money, and does not operate to prevent a recovery by the plaintiffs as in their first point.

3d. That the sale and conveyance by the sheriff to the plaintiffs of the land levied under the writ of fi. fa. mentioned in plaintiff's second point, on which the grain in the ground for the recovery of damages for the cutting, taking away and conversion of which grain in the ground this suit is brought, vested in the plaintiffs in this case the full right of property and possession of said grain in the ground, and they are therefore entitled to recover in this case as stated in the first point.

To which the court answered, " We cannot affirm these points as submitted, but direct the jury to find for the plaintiffs the value of the wheat, rye and straw at the time it was taken, deducting therefrom the reasonable costs and expenses of cutting and threshing the grain, with interest from the time of the conversion."

The verdict was for plaintiffs for damages and six cents costs, subject to the opinion of the court on the points reserved. Subsequently judgment was entered on the verdict, when the defendants took this writ and assigned this entry of judgment for error.

*W. C. Chapman*, for plaintiffs in error.

*Blackford & Stewart* and *Cochran & Hay*, for defendants in error.

Mr. Justice TRUNKEY delivered the opinion of the court, May 26th 1879.

Growing grain is personal property, and may be seized and sold in satisfaction of an execution, though there be an older judgment which is a lien on the land ; for land is bound from the entry of a judgment ; personalty, only from delivery of the execu-

tion to the officer. Where grain growing in the ground had been sold on an execution against the debtor, before sale of the land upon a venditioni exponas, it was decided that severance was implied, and that the grain did not pass with the land: Stambaugh v. Yeates, 2 Rawle 161. A mortgagor assigned all his property for the benefit of his creditors; it was held that the growing grain passed to the assignees, and not to the purchaser at sheriff's sale of the land sold by virtue of the levari facias, because the assignment amounted to a severance: Myers v. White, 1 Rawle 353. In Bittinger v. Baker, 5 Casey 66, LOWRIE, J., places Stambaugh v. Yeates and Myers v. White with erroneous cases, "continually tending to mislead the bar and bench." Notwithstanding his dictum, the principle decided in them remains unshaken, and was recognised as sound, and distinguished from Sallade v. James, 6 Barr 144, in Bear v. Bitzer, 4 Harris 175. The latter case rules that a purchaser of land at sheriff's sale is entitled to the growing grain thereon, which had not been severed before the sale. There the owner of the land which was sold owned the crop, and there had been no act of separation. The test is, whether there has been a severance of the growing grain; if so, it does not pass to him who purchases the land subsequent to the severance; if not, it goes with the land.

Metzgar and Krug, in 1870, conveyed a farm to Forrey, and took judgment for part of the purchase-money. In 1874 they issued a fieri facias upon which the sheriff "proceeded to levy the personal and real estate." Forrey claimed the exemption under the Act of 9th April 1849, and appraisement of the personal property he selected was duly made in presence of one of the plaintiffs. The personalty, not covered by the defendant's claim, was sold, and inquisition was had of the land. Afterwards the plaintiffs purchased the land at sheriff's sale. Substantially stating the facts in their points, the plaintiffs demanded instructions that they were entitled to recover. A verdict was directed for them, subject to the opinion of the court on points reserved.

The question presented is, did the grain pass to the purchasers of the land? Were it one of distribution of the proceeds of real estate it would be governed by Ulrich's Appeal, 12 Wright 489. The principle on which that decision is based bars a defendant, in a judgment for purchase-money of land, from claiming exemption of the land or any part of it against the execution of the judgment. But it is no bar of his claim to other property. Had the plaintiffs, upon their execution, seized the land only and sold it, the growing crops thereon would have passed to the purchaser. In that case the defendant would have had no right of exemption, and had the sheriff procured an appraisement, and setting apart growing crops, no right thereto would have remained in the defendant. They seized both lands and goods. Of the latter the defendant

was entitled to the exemption. The appraisement of the growing grain, under the circumstances, was a severance. Had that not been done he might have claimed other goods instead. The plaintiffs had knowledge of all that was done, and were silent. They may not be estopped from asserting the truth, but they assert nothing to avoid their apparent acquiescence. They purchased the land, knowing the growing grain was severed and set apart to the defendant.

> Judgment reversed, and now judgment entered for plaintiffs in error, defendants below, *non obstante veredicto,* with costs.