## Gordon *v.* Gordon, Appellant.

*Vendor and vendee—Title to growing crops—Lien of execution— Ejectment.*

1. Where a vendee under articles of sale of real estate goes into possession, pays a portion of the purchase money, plants crops, and thereafter a judgment is entered against him and an execution issues under which a levy is made upon the growing crops, such execution will maintain its priority of lien over a judgment in ejectment entered under an

ejectment clause in the articles for nonpayment of an installment of the purchase money.

2. When he who is in the lawful possession of land owns the growing crops, not the natural products of the soil but the annual fruits of industry and labor, those crops are personal property and may be seized and sold on execution, although in the absence of such constructive severance, they would pass with the realty in case of conveyance, unless reserved.

Argued March 15, 1910. Appeal, No. 18, March T., 1910, by defendant, from order of C. P. Perry Co., Nov. Term, 1908, No. 107, distributing fund in case of Caroline Gordon et al. v. G. B. M. Gordon, defendant, and Chas. A. Barnett, executor of C. Roth, deceased, claimant. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Distribution of fund realized from sale of growing crops. The case was heard by WOODS, P. J., specially presiding.

The court ordered distribution among the execution creditors.

*Error assigned* was the order of the court.

*James M. Barnett*, of *Barnett & Son*, for appellant.— The grantor had a right to the growing crops against the grantee's execution creditors: Hodgson v. Gascoigne, 7 E. C. L. 35; Anderson v. Radcliffe, 96 E. C. L. 806; Altes v. Hinckler, 36 Ill. 275; Gardner v. Kersey, 39 Ga. 664; Carlisle v. Killebrew, 6 L. R. A. 617.

*W. H. Sponsler*, for appellees.—There is no state in the Union in which growing crops, being fructus industriales, are regarded as personalty for more purposes than in Pennsylvania. They pass to the administrator or executor instead of the heir: Pattison's App., 61 Pa. 294. They may be sold or reserved by parol agreement: Backenstoss v. Stahler, 33 Pa. 251, and they may be levied upon and sold as personalty by writ of execution: Stambaugh v. Yeates, 2 Rawle, 161.

There was a constructive severance by the levy of the sheriff and the crops did not pass with the land: Bear v. Bitzer, 16 Pa. 175; Stambaugh v. Yeates, 2 Rawle, 161; Loose v. Scharff, 6 Pa. Superior Ct. 153.

OPINION BY PORTER, J., March 3, 1911:

The appellant by articles of agreement, dated January 20, 1905, agreed to sell and convey a farm to G. B. M. Gordon, the defendant. This agreement provided that a part of the purchase money should be paid in cash and the balance in installments; that Gordon should be entitled to the possession, rents, issues and profits of the farm from and after April 1, 1905. It further provided that in case default be made in any installment of the purchase money the whole amount should become due and payable, "at the option of the party of the first part" and authorized the entry of a judgment for that amount; "Or the party of the first part may at his option, proceed by action of ejectment on this agreement for the balance of such purchase money, after default made as aforesaid; and in such case the said party of the second part authorize and empower any attorney. . . . to appear for him in an amicable action of ejectment for the premises above described . . . . and confess judgment therein in favor of the plaintiff and against the defendant for said premises, and authorize the immediate issuing of a writ of habere facias possessionem." Gordon went into possession of the farm on April 1, 1905, under the terms of this agreement, and from time to time made payments on account of the purchase money, but not to the full amount of the installments which had become due. While thus in possession of the farm, in the fall of 1908, he sowed one of the fields with rye and another with wheat. While these crops were growing and the farm still in the possession of Gordon, on January 6, 1909, the plaintiff obtained a judgment against him and an execution issued thereon was levied, by the sheriff, upon these growing crops. Gordon not having paid the

full amount of the installments of purchase money which had become due under the agreement, the appellant, on January 22, 1909, exercised the option, given him by the agreement, to proceed by amicable action of ejectment to obtain possession of the farm and under the warrant of attorney caused a judgment to be entered against Gordon for the premises and issued a writ of habere facias possessionem, which was executed, thereby putting him in possession of the land the same day. The question presented by this record is whether the entry of the judgment in ejectment and the execution of the writ which put the appellant into possession of the farm gave to the appellant title to the growing crops, as against the execution of the plaintiff which had already been levied upon such crops. The court below held that the appellee was entitled to sell the crops under her execution, and from that judgment we have this appeal.

The appellant contends that the effect of the entry of the judgment in ejectment, under the warrant of attorney, and the execution of the writ which put him into possession of the farm was to vest in him title to all the crops growing on the farm, without any regard whatever to what rights others might have acquired in such crops. There can be no question that growing crops, as between the successful plaintiff in an action of ejectment and the evicted defendant, pass as a part of the realty; and if the former is put into possession of the land, before the crops have been severed, he takes the crops with the land. Growing crops may be as between some parties a part of the realty, while as between others they may be personal property. When a mere trespasser obtains possession of land and sows grain thereon, he never has title to either the land or the growing crop, and when the owner, whether with or without judicial process, recovers possession his title to the growing crop is good against the trespasser and all who claim under him: Hellings v. Wright, 14 Pa. 373; Altes v. Hinckler, 36 Ill. 275. We are not in this case, however, dealing with the rights of an owner of land who

had unlawfully been deprived of the possession. The written agreement for the sale of the farm left the legal title in the appellant, but vested an equitable estate in Gordon, which entitled him to the possession, rents, issues and profits; the beneficial ownership of the land. The provisions, in case of default in payment, for the entry of judgment for the whole amount of the purchase money, "or at the option of the party of the first part" the entry of judgment in an amicable action of ejectment, were incidental and secondary to the main purpose of securing the payment of purchase money. The appellant had power to take a judgment for the money, or a special power to confess judgment by which he could repossess himself of the land. The latter course was in the nature of a forfeiture: Jones v. Scott, 209 Pa. 177. The entry of this judgment did not judicially determine that the possession of Gordon had been unlawful; all that it did settle was that the appellant had elected to exercise his right to reclaim the land. The mere right of the appellant to assert the forfeiture did not give him the right to possession of the land until he exercised his option, in the manner provided by the agreement, and entered judgment in ejectment, on January 22, 1909. Until that time the possession of Gordon was lawful, he not only had actual possession but the right of possession. He had an equitable title to the land, of which he was in possession, and he owned the growing crops. This was the position of affairs when the execution of the appellee issued and the sheriff levied upon the crops. When he who is in the lawful possession of land owns the growing crops, not the natural products of the soil but the annual fruits of industry and labor, those crops are personal property and may be seized and sold on execution; although in the absence of such constructive severance, they would pass with the realty in case of conveyance, unless reserved: Backenstoss v. Stahler, 33 Pa. 251; Hershey v. Metzgar, 90 Pa. 217; Long v. Seavers, 103 Pa. 517; Loose v. Scharff, 6 Pa. Superior Ct. 153. When the growing crops involved

in this case were levied upon, under the fi. fa. of the appellee, they were liable to be thus taken in execution for the debt of Gordon. The effect of this levy was to vest in the sheriff a special property in the growing crops, which he could sell before or after the return day in satisfaction of his writ: Sturges's Appeal, 86 Pa. 413. The title of Gordon to these crops, to the extent necessary to satisfy the execution, thus became vested in the sheriff. This constituted a constructive severance of the growing crops; the title to the crops became distinct from the title to the land, and did not pass to the appellant when he took possession of the land under his judgment in ejectment subsequently entered.

The judgment is affirmed and the appeal dismissed at cost of the appellant.