In re BUCHANAN.

District Court, W. D. Pennsylvania. February 24, 1928.

No. 12933.

1. Crops ⬅1—Growing crops are "personal property."

Growing crops are "personal property," which may be levied on and sold on execution, and on death of the owner of the land they pass to his personal representative.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Property.]

2. Crops ⬅5—Conveyance of land before severance of growing crops passes title to crops.

Conveyance of land on which are growing crops, made before the same have been severed, passes title to the crops.

3. Crops ⬅1—While planted and cultivated crops are personalty, natural products, as grass and fruit from trees, are part of the realty.

There is a distinction between crops produced by human labor, which are personal property, and natural products of the soil, such as grass and trees with growing fruit, which are part of the realty.

4. Crops ⬅7—Severance of growing crops may be implied by sale on execution or assignment for benefit of creditors, which passes growing crops to assignee.

Severance of growing crops may be implied, as by sale of the crop on execution or an assignment for benefit of creditors, which passes growing crops to the assignee.

5. Landlord and tenant ⬅326(2)—Owner has no leviable interest in crops grown on shares until division.

Where crops are grown by tenant on shares, owner has no leviable interest until division.

6. Crops ⬅7—Bankruptcy of owner of land effects implied severance of growing crops.

Bankruptcy of owner of land on which are growing crops effects an implied severance of the crops, which pass to the trustee as personalty, and may be separately sold.

In Bankruptcy. In the matter of Andrew Burdett Buchanan, bankrupt. On review of order of referee. Reversed.

James W. Hutchison, of Butler, Pa., for claimant.

James M. Galbreath, of Butler, Pa., for trustee.

THOMSON, District Judge. A question has been certified to the court, involving the ownership of a crop of growing corn as between the trustee in bankruptcy and the purchaser of the land at trustee's sale.

The bankrupt presented his petition and was adjudged a bankrupt, on September 3, 1926. At the time of the adjudication, he was the owner of a tract of land in Butler county, upon which one Ray P. Wilson held an overdue mortgage, and on which land there was a field of growing corn. On August 19, 1926, judgment was entered on the bond accompanying the mortgage, and on September 1, 1926, execution was issued thereon for the sale of the land. The trustee in bankruptcy sold the growing crop to Ray P. Wilson, the mortgagee, for $300, the latter paying the purchase price to the trustee. Subsequently Wilson purchased the land on which the corn was growing at trustee's sale. Afterwards he presented his petition to the referee, praying for the return of the $300 which he had paid for the growing crop. His claim appears to be based on the theory that the crop of corn was part of the land, and that the judgment entered on the bond, the lien of which related back to the lien of the mortgage, created a lien on the growing crop, and that, had the real estate been sold at sheriff's sale on his execution, he would

have been entitled, as purchaser, to the growing crop; that his rights were fixed as of the date of the execution, and were in no way affected by the proceedings in bankruptcy which followed. His claim was sustained by the learned referee, who ordered the return to him of the money which he had paid for the growing crop. The question thus certified is before the court for decision.

Some fundamental legal propositions may be stated in order to make clear the result which follows:

[1] First. Growing crops are personal property; they may be levied on and sold on execution, and on the death of the owner of the land they pass to his personal representatives. Backenstoss v. Stahler, 33 Pa. 251, 75 Am. Dec. 592; Long v. Seavers, 103 Pa. 517; Hershey v. Metzgar, 90 Pa. 217. In the first cited case Judge Thompson said: It is a rule of the common law "that growing crops are personal property, subject however, to pass with, and appurtenant to, the realty in case of conveyance, unless severed by reservation or exception therefrom. Baer v. Bitzer [4 Harris, 175, 55 Am. Dec. 490], and Bank v. Wise [3 Watts, 394], supra. Such was the rule of the common law, and uniformly held in England not to have been altered by the statute of frauds."

[2] Second. It has been well settled by the authorities, that a conveyance of land on which are growing crops, made before the same have been severed, passes title of the crops to the purchaser. Wilkins v. Vashbinder, 7 Watts, 378; Bank v. Wise, 3 Watts, 394; Bear v. Bitzer, 4 Harris, 175, 55 Am. Dec. 490.

[3] Third. There is a well-recognized distinction between crops which are the products of human labor, and are therefore personal property, and the natural products of the soil, such as grass, trees with growing fruit, etc., which are part of the realty. The former may be conveyed by verbal contract, or sold on execution, and hence may be reserved by parol. The latter, being realty, could only be reserved by writing. Pattison's Appeal, 61 Pa. 294, 100 Am. Dec. 637.

[4] Fourth. Severance of the growing crops may be implied. Such is the result when the crop is sold on execution before the sale of the land. An assignment for benefit of creditors passes growing grain to the assignee, and not to the subsequent purchaser of the land at sheriff's sale, by reason of the implied severance. By implication, death of the landowner severs the growing crops, passing them to the personal representatives, and not to the heirs or subsequent purchaser of the land. Hershey v. Metzgar, 90 Pa. 217.

[5] Fifth. While the growing crops of the owner of the land may be sold on execution as personalty, in the event the crops are raised by a tenant on the shares, the owner has no title to any portion of the grain until actual severance and delivery to him by the tenant. Hence the interest of the landlord in the growing crops of the tenant cannot be levied on and sold. Long v. Seavers, supra.

[6] These legal distinctions will reconcile many of the apparently conflicting cases. In the case at bar, the crop of growing corn was personal property, and while it would have passed on sheriff's sale of the land, because it was appurtenant thereto, this was prevented by the implied severance arising from the bankruptcy proceedings. The crop, which was personalty, therefore, vested in the trustee for the benefit of creditors, precisely as if the landowner had died and the crops had passed to his personal representatives, rather than to his heirs. The severance of the crop in this case from the land further distinctly appears, because the trustee made two separate sales, the first of the growing crop as personalty, receiving the money therefor, and the second a trustee's sale of the land. The right to the crop as appurtenant to the land, which the mortgagee would have acquired, had the land been sold to him at sheriff's sale, never arose because of the severance created by the bankruptcy proceedings.

Under the facts of the case, we conclude that the learned referee was in error in awarding the return to the mortgagee of the money which he had paid for the growing crop. His opinion and order must therefore be reversed.