## Commonwealth v. Mars

746

*Daniel I. Quinlan, Jr.*, for plaintiff.
*John H. Longaker*, for defendants.

DANNEHOWER, J., April 11, 1956.—Plaintiff, the Commonwealth of Pennsylvania, Department of Public Assistance, issued a writ of scire facias to revive its judgment and continue it as a lien on premises 242 South Washington Street, Pottstown, Montgomery County, against Early Lee Mars and Elsie Mars, his wife, defendants, and Henry L. Mars and Hattie D. Mars, terre tenants of the above premises.

To this writ, the terre tenants have filed an answer and new matter, denying that plaintiff's judgment is a lien on the above mentioned premises of which they are now the owners. Plaintiff has filed a reply. The issues of law raised by these pleadings and by a written stipulation of the facts have been submitted to the court for decision.

The question for decision is whether plaintiff's judgment was a lien on defendants' prior acquired equitable interest in real estate and did the later vesting of legal title in defendants constitute "after-acquired" property so as to require the judgment creditor to revive its judgment to constitute a lien.

The material and stipulated facts are as follows:

On *May 28, 1949*, defendants entered into written articles of agreement to purchase the aforementioned premises, referred to hereafter as, "premises". On *December 28, 1949*, seven months later, plaintiff caused a judgment in the amount of $2,000 to be entered against defendants and docketed same in the prothonotary's office in Montgomery County. On July 1, 1951, defendants acquired legal title to the above

premises, and on September 19, 1951, reconveyed the same to the terre tenants. On July 30, 1954, plaintiff's judgment was duly revived against defendants and on April 18, 1955, the present writ was issued so as to revive the judgment including the terre tenants.

The terre tenants, in their answer and new matter, allege that they had no notice and were unaware of plaintiff's judgment at the time title was acquired from defendants, that they are bona fide purchasers for value and that therefore, title to the premises is free and clear of plaintiff's judgment lien.

Plaintiff contends that the judgment operated to impose a lien on defendants' equitable interest prior to their acquiring the legal title by deed, that the judgment eo instanti bound defendants' legal interest upon conveyance of full title on July 1, 1951, and that the judgment subsisted as an encumbrance on the premises when title was conveyed to the terre tenants on September 19, 1951. Plaintiff denies that the terre tenants were without notice of the judgment since the same was duly docketed and indexed since its inception on December 28, 1949.

There is no longer any doubt in Pennsylvania that a judgment operates to impress a lien on a debtor's legal and equitable interest in real property, and that this extends to the interest which a vendee holds under articles of agreement for the purchase of lands. Vesting of legal title in the vendee does not constitute "after-acquired" property so as to require the judgment creditor to revive its judgment, but binds the legal estate the moment it merges with the vendee's equitable interest. See Richter v. Selin, 8 S. & R. 425; Carneghan v. Brewster, 2 Pa. 41; Water's Appeal, 35 Pa. 523; Gordon v. Gordon, 45 Pa. Superior Ct. 95; Smith v. Lowellville Savings & Banking Co., 72 D. & C. 389.

Thus, plaintiff's judgment, in the present case, attached to defendants' prior acquired equitable interest which had accrued under the agreement of sale, and extended to and bound the entire fee upon transfer of legal title on July 1, 1951.

It is well settled that a conveyance of the encumbered property by the debtor does not oust the lienor of his security therein. A vendee is put upon to examine the judgment docket as to liens, and if there is a judgment against his vendor he is bound to inquire into the date of origin of his vendor's title: Brumbach v. Pearson, 13 D. & C. 762.

Applying the foregoing principles to the present controversy, it is readily apparent that plaintiff's judgment operated to impress a lien, first on defendants' equitable interest, and later upon the legal title at the moment of its merger with the equitable interest without being revived. The terre tenants, as vendees of defendants, could take only what defendants had to convey, and therefore, prima facie, took subject to plaintiff's judgment lien.

We find no merit in the terre tenants' contention that they were without notice of plaintiff's judgment and that the lien on the premises obtained from defendants had been discharged. It is conceded that plaintiff's judgment was duly recorded prior to the conveyance of the premises to the terre tenants. Hence, having constructive notice at least of the encumbrance, the terre tenants are precluded from asserting lack of notice as a defense and cannot now be heard to claim that they are bona fide purchasers of the premises.

The terre tenants also allege that plaintiff should be estopped from asserting its lien because: (1) It failed to revive its judgment when legal title to the premises was vested in defendants, and (2) that it

continued to advance assistance payments to defendants after the premises were conveyed to the terre tenants.

In reply to the first allegation, the law does not require a judgment creditor to revive its lien upon the merger of the debtor's equitable and legal title: Gordon v. Gordon, supra. As to the second of the terre tenants' contentions, it is immaterial that assistance payments were continued after the premises were conveyed. The terre tenants had due notice of plaintiff's judgment and lien and cannot, accordingly, assert that they were misled to their detriment.

### Decree

And now, April 11, 1956, for the foregoing reasons, and the stipulation of the parties, it is decreed that the questions of law raised by the terre tenants are decided against them and in favor of plaintiff, that the answer and new matter filed by the terre tenants are without merit and are hereby dismissed, that plaintiff's judgment is a valid lien against the above mentioned premises and that plaintiff is entitled to have its judgment revived against defendants and terre tenants as a valid lien.